UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN MCELHENY,

   Plaintiff,

vs.                                                    Case No. 8:05-CV-1479-T-27TGW

J.C. PENNEY CORPORATION, INC.,

   Defendant.

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment (Dkt. 13).  Upon

consideration and for the reasons discussed below, Defendant's Motion for Summary Judgment (Dkt.

13) is **DENIED**.

### Background

On January 27, 2004, Plaintiff, an eighty-four year old woman, tripped on the leg of a display

table located on Defendant's premises and fell.  Plaintiff has filed a complaint against Defendant

alleging negligence.  Defendant has moved for summary judgment on the basis that the table was an

open and obvious condition.

### Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to

interrogatories, affidavits and admissions on file show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.  "An issue of fact is 'material' if, under the

applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004) *(internal citations omitted)*. "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The Court will not weigh the evidence or make findings of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

Further, when ruling on a motion for summary judgment in a negligence action, the Court should proceed with caution. *Gulfstream Park Racing Ass'n, Inc. v. Gold Spur Stable, Inc.*, 820 So. 2d 957, 960 (Fla. 4th DCA 2002); *Hon-Meng Tang v. Republic Parking System, et al.*, 734 F. Supp. 486, 490 (N.D. Ga. 1989)(*citing Coats & Clark, Inc. v. Gay*, 755 F.2d 1506, 1509 (11th Cir. 1985)).

<u>Discussion</u>

Defendant argues that Plaintiff tripped on a display table that was so open and obvious that Defendant had no duty to warn of its existence. Defendant argues that there is no evidence that the table at issue was defective *or that its placement created a hazard*. (*See* Dkt. 13 at p. 4). In support

2

of its motion, Defendant cites to fourteen lines of Plaintiff's deposition in which Plaintiff testifies that: (1) she tripped on a display table leg; (2) she previously walked by the display table without tripping on the leg; and (3) she did not notice anything "weird" about the table. (Dkt. 13 at pp. 4-5).

To sustain a cause of action for negligence under Florida law, a plaintiff must establish that: "(1) the defendant had a duty to protect the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injuries and resulting damages." *Cooper Hotel Serv., Inc. v. MacFarland*, 662 So. 2d 710, 712 (Fla. 2d DCA 1995). As to the first prong, the two duties owed by a landowner to a business invitee are: (1) the duty to use reasonable care in maintaining its premises in a reasonably safe condition; and (2) the duty to give warning of concealed perils that are or should be known to the landowner, are unknown to the invitee and cannot be discovered through the exercise of due care. *St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039, 1040 (Fla. 2d DCA 2004).

An owner or possessor of land is not liable for injuries to an invitee that are caused by a dangerous condition on the premises if the condition is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious. *Aaron v. Palatka Mall, L.L.C.*, 908 So. 2d 574, 576-77 (Fla. 5th DCA 2005)(*citing Ashcroft v. Calder Race Course, Inc.*, 492 So. 2d 1309 (Fla. 1986)).

Here, Plaintiff and Defendant's employees testified that the table legs on the table at issue were covered by a tablecloth. (Plaintiff Depo. at p. 26:18-25, Feddersen Depo. at p. 16-17; McSwain Depo. at p. 40:12- p. 41:8). According to Marlene McSwain ("McSwain"), the Department Manager, the legs of the table were not visible. (McSwain Depo. at p. 41:9-10).

Further, a dispute exists as to whether the table leg Plaintiff tripped on extended into a "soft

3

(carpeted) aisle." (*See* Feddersen Depo. at p. 16:9-13). On the day Plaintiff tripped, the back of the display table at issue butted up against a column. (McSwain Depo. at p. 41:24- p.42:1). According to Plaintiff, the leg of the display table "extended out into the aisle."[1] Further, while Helen Feddersen's ("Feddersen")[2] testimony is not entirely clear, at one point in her deposition she also testifies that the legs on the table at issue extended past the column into the "soft aisle" on the day Plaintiff tripped and fell. (Feddersen Depo. at p. 21:14- p. 22:2). According to McSwain, however, the company policy was not to allow the table legs to extend past the columns into the "soft aisle" because this would create a tripping hazard. (McSwain Depo. at p. 8:13-15, p. 44:7-25). McSwain testified that on the day Plaintiff tripped and fell, the table legs did *not* extend past the column to the left into the "soft aisle." (McSwain Depo. at p. 42:7-14).

Accordingly, there exists a genuine issue of material fact regarding the placement of the table at issue and reasonable minds could differ as to whether the table leg Plaintiff tripped on was so open and obvious that Defendant could not be held liable. *See Farinas v. South Shore Hosp.,* 730 So. 2d 1278, 1278-79 (Fla. 3d DCA 1999)(reversing summary judgment where the plaintiff walked into a low table because the question of whether its placement posed a hazard had to be resolved by the jury); *Moultrie v. Consolidated Stores Intern. Corp.*, 764 So. 2d 637 (Fla. 1st DCA 2000)(finding that reasonable minds could differ as to whether a pallet left in the aisle of the defendant's store was open and obvious to patrons shopping for eye level merchandise).

___

[1] Plaintiff's interrogatory answer does not indicate whether she is referring to the "hard aisle" located in front of the table or the "soft aisle" located to the left of the table.

[2] At the time of Plaintiff's fall, Helen Feddersen worked as a "basic logic associate" for Defendant. (Feddersen Depo. at p.9:21-24).

4

Defendant has not sustained its burden of showing an absence of a genuine issue of material fact.  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Dkt. 13) is **DENIED**.

**DONE AND ORDERED** in chambers this _5ᵗʰ_ day of October, 2006.

                              _____
                              **JAMES D. WHITTEMORE**
                              **United States District Judge**

Copies to:
Counsel of Record